**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000387
20-SEP-2013
08:29 AM**

NO. CAAP-11-0000387

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


CHILD SUPPORT ENFORCEMENT AGENCY,
STATE OF HAWAIʻI, Petitioner-Appellee,
v.
MS-M, Respondent-Appellant, and
BS, Respondent-Appellee


APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-P NO. 08-1-0116)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Respondent-Appellant MS-M ("Mother") appeals from the
February 22, 2010 "Order on February 3, 2010 Hearing"
("February 22, 2010 Order"); the October 18, 2010 "Order on
September 29, 2010 Hearing" ("Custody Order"); and the
January 19, 2011 "Findings of Fact and Conclusions of Law
Granting Respondent['s] Motion for Post-Decree Relief Filed
August 27, 2010; Order" ("Relocation Order"), each entered in the
Family Court of the Second Circuit ("Family Court").[1]

On appeal, Mother argues that (A) the February 22, 2010
Order erroneously "depriv[ed] . . . Mother of custody without
notice or opportunity to be heard"; (B) the Family Court
erroneously granted Respondent-Appellee BS's ("Father") motion to
reconsider absent specific grounds under Hawaiʻi Family Court

---

[1]     The Honorable Keith E. Tanaka presided.

Rules ("HFCR") 60(b);[2/] (C) the Family Court "fail[ed] to make sufficient findings of fact and conclusions of law pursuant to [HFCR] Rule 52(a)" regarding custodial rights, visitation, and Father's "rebut[tal of] the presumption against awarding custody to [him] after he was found guilty of committing family violence against . . . Mother"; and (D) regarding the Relocation Order, the Family Court (1) erroneously found that "Father had established a material change of circumstances in support of his application for leave to relocate"; (2) erroneously entered Findings of Fact 12, 23, and 24; and (3) failed to act in the parties' daughter's ("Daughter") best interests in awarding custody of Daughter to Father and permitting him to relocate to Minnesota.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mother's appeal as follows:

A.    Jurisdiction

Mother argues that the Family Court violated her constitutional due process rights by depriving her of custody of Daughter "without notice or opportunity to be heard" via the February 22, 2010 Order, which temporarily awarded joint legal and sole physical custody of Daughter to Father while Mother was undergoing and recovering from surgery.  Separately, Mother argues that there were insufficient grounds for the Family Court to entertain Father's motion for reconsideration, which the Family Court eventually granted, leading to the Family Court's Custody Order awarding sole legal and physical custody of Daughter to Father.  Mother also argues that the Family Court neglected to issue findings of fact ("FOF") and conclusions of law in conjunction with its award of custody to Father. However, this court is without jurisdiction or discretion to consider

---

[2/]    Mother mistakenly refers to HFCR Rule 60(b), rather than HFCR Rule 59(e), although she argues the point using law relevant to HFCR Rule 59(e). This oversight does not impede her appeal.

these arguments because Mother did not timely appeal from the Custody Order.

Mother did not file her notice of appeal until May 9, 2011, well after the time to appeal the Custody Order and its preliminary orders had lapsed. *See* Haw. R. App. P. 4(a). While Mother timely appealed from the Relocation Order, the orders preceding it were not preliminary rulings upon which the Relocation Order was predicated, nor did they collectively lead to the Relocation Order. It was the Custody Order, not the Relocation Order, that was the capstone of the earlier custody proceedings. *Cf. Riethbrock v. Lange*, 128 Hawaiʻi 1, 17-18, 282 P.3d 543, 559-60 (2012) ("'[P]reliminary' [means] 'coming before' and usually 'leading up to the main part of something.'" (quoting BLACK'S LAW DICTIONARY 1299 (9th ed. 2009)) (original brackets omitted)). The Relocation Order arose solely from, and resolved nothing other than, Father's August 27, 2010 Motion for Post-Decree Relief ("Motion to Relocate"), whereby Father sought permission to relocate to Minnesota with Daughter.

Therefore, this Court lacks jurisdiction to consider Mother's appeal from either the February 22, 2010 Order or the Custody Order.

   B.   Material change in circumstances

In order to prevail on a motion to modify a custody or visitation order, as a threshold matter, the moving party must demonstrate that there has been a material change in circumstances since that prior order. *See In re Guardianship of Doe*, 93 Hawaiʻi 374, 388, 4 P.3d 508, 522 (App. 2000); *Nadeau v. Nadeau*, 10 Haw. App. 111, 121, 861 P.2d 754, 759 (1993) (holding that the statutory provision requiring demonstration of a material change in circumstances before a custody order can be modified requires a similar showing to modify a visitation order). The purpose of requiring a showing of a material change in such cases is to prevent relitigation of matters already decided.[3] *See Davis v. Davis*, 3 Haw. App. 501, 505-06, 653 P.2d

---

   [3]   Mother does not contend that the Custody Order addressed the issue of a proposed out-of-state relocation by the custodial parent.

1167, 1170 (1982); 24A Am. Jur. 2d *Divorce and Separation* § 707 (2008).

At the time the Family Court heard Father's Motion to Relocate, Father already had sole legal and physical custody of Daughter, thus he was not seeking to modify custody. However, the potential for distant relocation implicated the Family Court's established visitation plan, and Father's motion explicitly addressed this issue in his proposed modified visitation plan. Thus, understanding Father's motion as, in part, a motion to alter visitation, it was Father's burden to demonstrate that there had been a material change in circumstances. *In re Guardianship of Doe*, 93 Hawai'i at 388, 4 P.3d at 522.

Permitting the court to consider the impact of custodial-parent relocation is advantageous. First, to hold otherwise, where a parent who originally knew of a superior out-of-state opportunity to significantly promote her welfare and that of her children but was disinclined to avail herself of it at that time, would be to thereafter bar that parent from so benefitting her children. Such a bar would be incongruent with the legislature's and courts' regard for the best interests of the child as paramount. *See* HAW. REV. STAT. § 571-46. Second, other courts have recognized a parent's right to travel, and that it can be impermissibly burdened by restrictions on relocation. *See Tetreault v. Tetreault*, 99 Hawai'i 352, 356-58 n.8, 55 P.3d 845, 849-51 n.8 (App. 2002) (citing other jurisdictions). Regardless of the force of that right in Hawai'i vis-à-vis the best interests of the child, permitting the court to consider a relocation request avoids the potential summary negation of that right.[4] Third, ironically, Mother's position would preclude her and other parents from doing what may otherwise be done in many jurisdictions; that is, to seek a change in custody premised on

_____

[4] That assumes, as Mother appears to, that the result of concluding that there had been no material change in circumstances would be to prohibit the proposed relocation. Whether that is so, here or generally, is unclear; at a minimum, it may depend on the terms of a divorce decree or, in this case, any existing custody order. *See*, *supra*, note 3.

the benefits of maintaining, rather than breaking, the ties and relationships that one's child has established locally.

Hawai'i is geographically remote. It is a virtual certainty that a custodial parent's out-of-state relocation will impact, at a minimum, established visitation orders. The fact of such relocation is a material change of circumstances sufficient to warrant the court's reexamination of existing custody and visitation orders. It is most consistent with the relevant Hawai'i statutes and court decisions, and most respectful of parental rights, to also regard the desire to relocate as similarly sufficient.

For these reasons, absent a divorce decree or custody order provision addressing the issue, a custodial parent's out-of-state relocation constitutes a material change in circumstances sufficient to permit consideration by the Family Court of the proposed relocation's effect on the child's best interests as reflected in existing custody or visitation orders. The Family Court did not err in holding that Father's desire to relocate with Daughter to Minnesota was a material change in circumstances.

C.    FOF 12, 23, and 24[5]/

Mother contends that the Family Court erroneously found, in FOF 12, "no evidence to indicate that [Father] or anyone in his family has attempted to block or thwart [Mother's] relationship with [Daughter]." She recites instances where the Family Court granted Father temporary custody until Mother was medically cleared to care for Daughter, Father was granted sole discretion regarding visitation over a roughly five-week period and he permitted only supervised visitation with Mother, and, over a six-month period, Mother missed thirty-one days of visitation.

Mother's examples fail to prove her point. Where Father exercised discretion by limiting visitation, he did so

---

[5]/    Mother does not challenge any other FOF. Therefore, the remaining findings are binding on this court. _See Bremer v. Weeks_, 104 Hawai'i 43, 63, 85 P.3d 150, 170 (2004).

properly and in accord with the reason for the court's vesting of discretion — Mother's ability to care for Daughter was suspect in light of medical conditions that rendered her unable to appear in court. Regarding the missed days of visitation, Mother appears to leave it to inference that it was somehow Father's fault that she missed these days. Indeed, in her testimony at the relocation hearing, contrary to Father's testimony, she maintained that her daughter was not given to her on the days in question. However, the Family Court found her testimony, unlike Father's, to be not credible. Moreover, Mother does not cite to any instances where Father defied any court orders regarding custody or visitation. Therefore, FOF 12 was not clearly erroneous.

Mother contends that the Family Court, in FOF 23 and 24, improperly considered testimony that was "based wholly on hearsay and the self-serving testimony of . . . Father" regarding his contact with the fathers of Mother's two sons and their desire to facilitate a relationship between all three siblings. However, Mother failed to object to this testimony at the relocation hearing, and, therefore, we decline to consider it here. *See State v. Crisostomo*, 94 Hawai'i 282, 290, 12 P.3d 873, 881 (2000) ("A hearsay objection not raised or properly preserved in the trial court will not be considered on appeal."). Mother's contention that Father's testimony was self-serving also fails, as "an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence[.]" *Inoue v. Inoue*, 118 Hawai'i 86, 101, 185 P.3d 834, 849 (App. 2008). Father's testimony, and the Family Court's unchallenged determination that it was credible, constitute substantial evidence to support FOF 23 and 24.

Furthermore, Mother fails to demonstrate how any of these findings affected the Family Court's determination that relocation was in Daughter's best interests. Therefore, even if there were error, it is deemed harmless. *See Torres v. Torres*, 100 Hawai'i 397, 412-13, 60 P.3d 798, 813-14 (2002).

D.    Best interests of the child

Mother argues that the Court erred by failing to act in Daughter's best interests when it permitted Father to relocate with Daughter despite the deep bond between Mother and Daughter and the difficulties relocation would impose on Mother's ability to maintain that relationship.  However, the Family Court concluded that, in light of several statutory factors that it specified and its factual findings, Daughter's relocation with Father to Minnesota was in her best interests.

Given the substantial evidence and unchallenged findings supporting that conclusion, we agree.  The Family Court found that: Father's employment opportunities and economic situation would be significantly improved by relocating, thereby promoting "[Daughter's] long-term best interest [by] provid[ing] stability and security in her daily life"; there were comparable, but less expensive, schools and daycare in Minnesota; "[Daughter] has a better chance of developing and maintaining a relationship with her two older half[-]brothers if she relocates to the mainland" and that "[d]eveloping this relationship would be in [her] best interest"; and that Mother was needlessly and repeatedly calling the police to intervene with child exchanges to the detriment of Daughter's well-being.  The Family Court also expressed concern that Mother's behavior, as reflected in an incident where she approached Father unannounced while he had custody of Daughter and began screaming at him, may "continue into the future, and . . . ultimately . . . cause psychological harm to [Daughter]."  Finally, the Family Court found that Mother had missed thirty-one days of visitation over a six-month period, and that Father was the more stable and consistent of the two parents, he was capable of providing for Daughter's daily needs, and that he intended to continue facilitating Daughter's relationship with Mother.

On these facts, the Family Court's finding that Daughter's relocation with Father was in her best interests was not clearly erroneous.  *See, e.g., Tetreault*, 99 Hawai'i 352, 55 P.3d 845 (upholding a grant of permission to the primary caregiver to relocate to another state where the intended

7

community had excellent schools, good job opportunities, and low crime rates, and was family-friendly and unpolluted).

Therefore, we affirm the January 19, 2011 Findings of Fact and Conclusions of Law Granting Respondent [Father's] Motion for Post-Decree Relief Filed August 27, 2010; Order.

DATED:  Honolulu, Hawai'i, September 20, 2013.

On the briefs:

Barbra A. Kavanaugh
(admitted Pro Hac Vice), and
Gary Victor Dubin,
Frederick J. Arensmeyer, and
Lila C.A. King,
(Dubin Law Offices)
for Respondent-Appellant.

Elizabeth C. Melehan
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge

8